**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                 **Criminal Action No. 3:11-CR-56
(Bailey)**

**CHRISTOPHER WILLIAM ODEN,**

    Defendant.

## ORDER

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Government's Motion for Clarification of the Court's Judgment and Commitment Order [Doc. 69], filed on March 16, 2012. In support of the motion, the Government states that it recalls the Court ordering during the sentencing hearing that the defendant not have any contact with the victim ***whatsoever***, not limiting this ruling to the period of Supervised Release [*Id.* at 2].

    The defendant filed a response thereto [Doc. 70] on March 16, 2012. The defendant argues that the Court cannot clarify its February 8, 2012, Judgment Order because the fourteen day window permitted under Rule 35(a) of the Federal Rules of Criminal Procedure to correct an arithmetical, technical, or other clear error has passed [Doc. 70 at 1]. The defendant further argues that this Court does not have the authority to impose a condition that the defendant not associate with the victim in this case when the

1

victim initiates the contact and is willing to permit the contact [*Id.* at 1-2]. The defendant states that "[a]ll of the statutory provisions [governing sentencing] speak either to a prohibition on association as a condition o[f] probation or supervised release or to organized crime convictions" [*Id.* at 2].

## II. Applicable Law

There are two different rules pertaining to the amendment of a Judgment Order. First, the correction of a clear error is addressed in Rule 35 of the Federal Rules of Criminal Procedure. "Within [fourteen] days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Second, the correction of a clerical error is addressed in Rule 36. "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.

"The court may order, as a further condition of supervised release, to the extent that such condition is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)." 18 U.S.C. § 3583(d)(3). These policy statements include the "appropriate use of the conditions of probation and supervised release set forth in section 3563(b) and 3583(d) of title 18." 28 U.S.C. § 994(a)(2)(B). Pursuant to 18 U.S.C. § 3563(a)(6), such a condition can restrict a person from "associating unnecessarily with specified persons."

## III. Discussion

In its February 8, 2012, Judgment Order, this Court stated that the "defendant shall have no direct or indirect contact, at any time, for any reason, with the victim(s), the victim's

family or affected parties in this matter" [Doc. 45 at 4]. Although this sentence is contained in a section titled "Special Conditions of Supervision," this Court clearly intended this condition to be applicable to his entire sentence given the phrase "at any time." To the extent that it is necessary to clarify this condition's applicability to the defendant's term of imprisonment, this Court did and still does make the recommendation to the Bureau of Prisons that the defendant be prohibited from communicating with the victim or contacting the victim's family during this time, in addition to his term of supervised release.[1]

To the extent that the defendant attempts to argue that this Court cannot set the no contact condition during the supervised release term, this Court disagrees. Despite the victim's statements that she did not consider herself a victim, this Court specifically found that she is indeed a victim in this case and will likely one day view herself to be a victim. Furthermore, this Court has the authority to set such a condition pursuant to 18 U.S.C. § 3583(d)(3).

IV. Conclusion

Accordingly, this Court hereby **GRANTS** the Government's Motion for Clarification of the Court's Judgment and Commitment Order **[Doc. 69]**. As such, this Court hereby reiterates its recommendation to the Bureau of Prisons that the defendant not be permitted

---

[1]The Ninth Circuit Court of Appeals ("Ninth Circuit") has ruled that a district court has no authority to restrict a defendant's communication with the victim during the defendant's term of imprisonment unless such a punishment was "provided for by a federal statute applicable to the offense for which the defendant was convicted." ***United States v. Molina***, 1993 WL 20492, *1 (9th Cir. Feb. 1, 1993). However, the Ninth Circuit did state that a district court has the authority make such a recommendation to the Bureau of Prisons. ***Id.*** With regard to the term of supervised release, the Ninth Circuit found that a district court has the authority to restrict the defendant's communication with the victim during a term of supervised release. ***Id.***

to communicate with the victim or the victim's family during the term of imprisonment. The Court further clarifies that the same condition remains in effect as to the term of supervised release.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April 2, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE